# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District 19 CV 2708 |
|---|---|
| Name (under which you were convicted):<br>Khalid Al Fawwaz | Docket or Case No.:<br>98 CR 1023 |
| Place of Confinement:<br>FCI Florence (Ad Max) | Prisoner No.:<br>67497-054 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br>Khalid Al Fawwaz |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States District Court for the Southern District of New York

   (b) Criminal docket or case number (if you know): 98 Cr 1023

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence: Life

4. Nature of crime (all counts):
   Count I:  Conspiracy to kill United States nationals, Title 18, United States Code, Section 2332(b);
   Count III:  Conspiracy to kill individuals, Title 18, United States Code, Sections 1114, 1116 and 1117;
   Count V:  Conspiracy to destroy buildings and property of the United States, Title 18, United States Code, Section 844(n); and Count VI:  Conspiracy to attack national defense utilities, Title 18, United States Code, Sections 2155(a) and (b).

5. (a) What was your plea? (Check one)
   (1)  Not guilty ☑      (2)  Guilty ☐      (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☑      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8. Did you appeal from the judgment of conviction?     Yes ☑     No ☐

9. If you did appeal, answer the following:

   (a) Name of court:  United States Court of Appeals for the Second Circuit

   (b) Docket or case number (if you know): 15-1731

   (c) Result:  Affirmed

   (d) Date of result (if you know):  06/02/2017

   (e) Citation to the case (if you know): unpublished order

   (f) Grounds raised:
   (1)Whether Evidence Was Legally Insufficient To Establish Fawwaz's Knowledge Of Or Participation In The Specific Objectives Of The Charged Conspiracies; (2)Whether Admission Into Evidence Of The So-Called "Al Qaeda Membership List" Was Improper; (3)Whether The District Court Prevented The Defense From Eliciting Crucial Exculpatory Testimony From Dr. Mohammad Al Massari During A Rule 15 Deposition; (4)Whether The Court Eviscerated The Proposed Testimony Of Professor George Joffe, Denying The Defendant Relevant And Proper Expert Testimony.

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☑  No ☐

      If "Yes," answer the following:

      (1) Docket or case number (if you know): 17-6859

      (2) Result:
      Certiorari Denied

      (3) Date of result (if you know): 3/26/2018

      (4) Citation to the case (if you know):

      (5) Grounds raised:
       The ground raised concerned the improper admission of the so-called "Al Qaeda List".

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
       Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:
   (a) (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes ❑   No ❑

(2)  Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Ineffective assistance of counsel. See attached Petition.

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:
The same counsel who represented me at trial represented me on appeal. I assume that they could not challenge their own competence.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The supposed "Al Qaeda Membership List" was put in evidence in violation of Petitioner's Sixth Amendment Right to Confrontation and deprived him of Due Process of Law.   See attached Petition.

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:


**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
The Court Denied the Petitioner of Due Process and Effective Representation of Counsel by Denying Petitioner's Numerous Motions for Extensions or Continuances.  See attached Petition,

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
Counsel failed to raise the issue.  This may be another instance of ineffective representation.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
The Government Withheld Exculpatory Evidence Which Would Have Undercut the Import of the "Al Qaeda Membership List."  See attached Petition.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

Counsel failed to raise the issue with the government, in the district court and on appeal.  This was an area in which counsel was ineffective.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not

presenting them:

Grounds One, Three and Four.  These were not presented because I was not in charge of the appeal. Further, since trial counsel represented me on my direct appeal, they could not challenge their own competence.  The failure to present nos. Three and Four are instances of counsels' ineffective assistance.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court

for the judgment you are challenging?        Yes ❑   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of

proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a) At preliminary hearing:
Bobbi C. Sternheim, David Kirby and Barbara O'Connor

(b) At arraignment and plea:
same

(c) At trial:
same

(d) At sentencing:
same

(e) On appeal:
same

(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:

---

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Appoint counsel to represent him on this petition. Stay the proceedings so that new counsel may review the files and supplement this Petition if necessary. Petitioner has no access to the voluminous files in this case in order to obtain and present necessary facts. Vacate his or any other relief to which movant may be entitled. conviction and sentence and remand for new trial with new counsel.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on ____2/27/2019____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

19 CV 2708

-----------------------------------------------------x

**UNITED STATES OF AMERICA,**

        **-against-**                             **S7 98 Cr. 1023 (LAK)**

**KHALID AL FAWWAZ,** *et al.,*

                 **Defendants.**

-----------------------------------------------------x

### PETITION TO VACATE CONVICTION
### AND SENTENCE UNDER TITLE 28, U.S.C. § 2255
### AND REQUEST FOR APPOINTMENT OF COUNSEL
### PURSUANT TO THE CRIMINAL JUSTICE ACT

### INTRODUCTION

      Khalid al Fawwaz, the Petitioner, moves this Court to vacate his conviction and sentence

pursuant to 28 U.S.C. § 2255 on a number of grounds enumerated below.  Further, the Petitioner

moves this Court to appoint counsel to represent him in this petition as he is not learned in the law

and does not have access to the files of the case which access is required to establish his claims.

Appointment of counsel is appropriate in light of the substantial issues the Petitioner raises.

      **Jurisdiction:**  This is a criminal case in which the Petitioner was convicted after a jury

trial and sentenced to life without the possibility of parole.  He was convicted of various terrorist

conspiracies, essentially on the ground that he was a member of Al Qaeda.  The Second Circuit

affirmed Mr. Al Fawwaz's conviction in an unpublished Summary Order filed on June 2, 2017.

Mr. Al Fawwaz's petition for rehearing on the issue presented herein was denied on August 17,

2017.  A timely Petition for Certiorari was filed.  That Petition was denied on March 26, 2018.

The jurisdiction of this Court is invoked under 28 U.S.C. § 2255.

**Overview of Petitioner's Claims:** Petitioner, a peaceful, Saudi dissident, ran the London Office of the Advice and Reformation Committee (ARC). He knew Osama Bin Laden and had contact with him through that organization, but he did not support Bin Laden's violent policies. The essence of Petitioner's defense was that while he knew some of the persons involved in Al Qaeda, he did not join their violent conspiracy and never intended to do so. Petitioner was prevented from adequately presenting this defense because of ineffective assistance of counsel, because of various rulings of the Court, because the government withheld favorable evidence and because of the unconstitutional admission of evidence. Petitioner claims that he was innocent of the charges in the Indictment and that the failures of his counsel and of government counsel and wrongful rulings of the Court denied him the opportunity to establish his defense at trial and prove his innocence.

## GROUNDS FOR THE PETITION

**GROUND 1: Mr. al Fawwaz Was Deprived of Effective Assistance of Counsel as Required by the Sixth Amendment to the United States Constitution.**

In a number of areas of the defense, Petitioner's counsel failed to provide effective assistance as required by the Sixth Amendment. First, Petitioner's counsel failed to call a witness from London who would have corroborated Petitioner's claim that he vehemently disagreed with Bin Laden's turn towards violence in dealing with the West. Petitioner learned of this from counsel and does not understand why this witness was not called to support his defense. Second, counsel failed to place into evidence one of the exculpatory passages from the intercepted telephone calls between himself and Mohammed Atef, an alleged Al Qaeda member. Third, counsel did not

adequately demand *Brady* and discovery material from the government concerning whether the government had any evidence or information in its files that was inconsistent with or brought into question the import of the supposed "Al Qaeda Membership List." Petitioner believes that no ~~specific demand was made of the government concerning whether there were in its files any~~ witness statements or documents that would undermine such. Fourth, counsel wrongly advised Petitioner not to testify in his own defense, thus, depriving him of an opportunity to lay out his defense for the jury. Because there was so little evidence which supported Petitioner's defense, his testimony was crucial to establishing his defense. Counsel mistakenly counseled against his taking the stand in his own defense. Finally, counsel failed to articulate and articulated poorly arguments that should have been made to support his case. Counsel's arguments in summation and throughout the case failed to marshal the evidence which would have supported Petitioner's defense. Overall, counsel failed to present a vigorous defense, rarely objected to the introduction of harmful evidence and I believe was intimidated by the Court, which had presided over numerous trials the government believed were related and which I therefore believe was predisposed to rule against me. Finally, no motion to recuse was filed and such should have been.

**GROUND 2: The supposed "Al Qaeda Membership List" was put in evidence in violation of Petitioner's Sixth Amendment Right to Confrontation and deprived him of Due Process of Law.**

The centerpiece of the government's case against Petitioner, indeed, the crux of the case, was the so-called "Al Qaeda Membership List" ("the List"), GX 2201A and its English translation, GX 2201A-T. The List was the first piece of evidence the government mentioned in its opening. On every day of the trial but two, the government referred to it or showed it to the jury. It held the

3

place of honor in the government's closings.  It is unknown who created the List or why; no witness could identify the document or where it was actually found, other than somewhere in the Kandahar region in Afghanistan.

The government offered the document for the truth of the matter asserted —that Petitioner was named on the list as a member of Al Qaeda—based solely on the facts that the List was found in or around Kandahar, Afghanistan and that a small percentage (less than 15%) of the 170 names listed and a few corresponding entries were consistent with names of and information about Al Qaeda members.  This was clear error.  The document was not admissible.  The government neither authenticated the document under Rule 901 nor established that it was admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence.  Its admission violated those rules and the Confrontation Clause of the Constitution.  Petitioner was denied the right to cross-examine the list's author as to what the list was, why it was written, why Petitioner was on it, and what the author's source or sources of information were on which the list was based.  This denied Petitioner his Constitutional rights under the Sixth Amendment and due process.


**Ground 3:  The Court Denied the Petitioner of Due Process and Effective Representation of Counsel by Denying Petitioner's Numerous Motions for Extensions or Continuances.**

Petitioner believes that Counsel was unprepared for trial.  The government provided much discovery at the last minute.  Counsel moved for a number of extensions of time.  The Court's rulings denying counsel extensions of time left counsel unprepared, deprived Petitioner of effective assistance of counsel and denied him due process.

**Ground 4:  The Government Withheld Exculpatory Evidence Which Would Have Undercut the Import of the "Al Qaeda Membership List."**

Petitioner asserts that the government possessed information which would have contradicted the contents of the "Al Qaeda Membership List" or undercut the validity of the claim that it was a list of Al Qaeda members prepared by a member from reliable information.  Counsel should have demanded all information of that sort which counsel failed to do.  Nonetheless, the government should have provided such information with or without a demand.  The failure of the government to provide this information which it had in its possession denied Petitioner of due process of law under *Brady v. Maryland*, 373 U.S. 83 (1963).

**REQUEST FOR APPOINTMENT OF COUNSEL**

Petitioner is not learned in the law.  Further, Petitioner does not have access to the voluminous files in this case, nor, because of Court rulings, does he have access to the classified information which prior counsel had access to.  This lack of access prevents Petitioner from prosecuting his claims properly.  There may be substantial facts or claims that Petitioner is unaware of but which counsel with access to these files could present to the Court.

Petitioner further asks that the Court stay the running of the Statute of Limitations in the Antiterrorism and Effective Death Penalty Act of 1996 so that if appointed Counsel finds other appropriate issues to raise, counsel may be allowed to do that.

**CONCLUSION**

For the foregoing reasons, Petitioner requests that his conviction and sentence be vacated and that he be allowed a retrial with competent counsel. Further, Petitioner requests that these proceedings be stayed until he can have counsel appointed to represent him and until such counsel can study the files of the case and make proper arguments for him and add any additional claims that might be appropriate.

Respectfully submitted,

*Khalid Al Fawwaz*

Khalid Al Fawwaz
Reg. No. 67497-054
USP Penitentiary ADX
PO Box 8500
Florence, Colorado 81220

# PRIORITY
★ MAIL ★
# EXPRESS™

## OUR FASTEST SERVICE IN THE U.S.

USM P3
SDNY

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



EP13F July 2013   OD: 12.5 x 9.5



This envelope is made from post-consumer waste. Please recycle – again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.

**UNITED STATES POSTAL SERVICE**® | **PRIORITY MAIL EXPRESS**®



EE 481 088 173 US

### CUSTOMER USE ONLY

**FROM:** (PLEASE PRINT)    PHONE ( )

Khalid al Fawwaz
Reg. No. 67497-054
US Penitentiary ADX
PO Box 8500
Florence CO   81220

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

### DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)    PHONE ( )

Clerk of Court
U.S. District Court SDNY
500 Pearl St
New York NY
ZIP + 4® (U.S. ADDRESSES ONLY)

1 0 0 0 7 - 1 3 1 2

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

### ORIGIN (POSTAL SERVICE USE ONLY)

☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO

PO ZIP Code
90291

Scheduled Delivery Date (MM/DD/YY)
3-25

Postage
$ 25.50

Date Accepted (MM/DD/YY)
3-23-19

Scheduled Delivery Time
☐ 10:30 AM  ☐ 3:00 PM
☐ 12 NOON

Insurance Fee
$

COD Fee
$

Time Accepted
12:35  ☐ AM  ☐ PM

10:30 AM Delivery Fee
$

Return Receipt Fee
$

Live Animal Transportation Fee
$

Special Handling/Fragile
$

Sunday/Holiday Premium Fee
$

Total Postage & Fees
$ 25.50

Weight
5  lbs.  ozs.

☐ Flat Rate

Acceptance Employee Initials
IC

### DELIVERY (POSTAL SERVICE USE ONLY)

Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM | Employee Signature

Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM | Employee Signature

LABEL 11-B, JULY 2018    PSN 7690-02-000-9996



👉 PEEL FROM THIS CORNER





**EMS**